IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:13cv375-WKW |
| | ) | (WO) |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION as Receiver for | ) | |
| FRONTIER BANK, SYNOVUS | ) | |
| BANK and NANCY WILLINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 10, 2012, *pro se* plaintiff Wayne Ray ("Ray") filed this action in the Circuit Court of Lee County against defendants Frontier Bank, Synovus Bank and Nancy Willingham, alleging breach of contract, bad faith, intentional interference with business, conspiracy and concealment.  (Doc. # 1, Compl. at 2-4 & Am. Compl. 4-7).  It appears from the complaint that Ray alleges that he has failed to receive rent payments collected from defendant Willingham, a tenant in a store building owned by Ray but mortgaged to Frontier Bank and Synovus Bank.[1]  According to the plaintiff, the defendants have failed to remit to him $10,500.00 collected in rent that is due him.[2]  (Doc. # 1, Compl. at 10).

---

[1] Frontier Bank held a first mortgage on the store building and Synovus Bank held a second mortgage on the property.  (Doc. # 1, Compl. at 2).

[2] In his complaint, Ray sought $10,500.00 in collected rents.  (Doc. # 1, Compl. at 10).  On May 23, 2012, the attorney collecting the rents interpleaded $22,530.00 to the Clerk of the Court for the Circuit Court of Lee County.  (Doc. # 1-3).  On April 16, 2013, the Circuit Court of Lee County ordered the Clerk of the Court to pay the attorney who collected the rents $1000.00 and to remit to Frontier Bank $11,030.00 of the

On March 8, 2013, the Federal Deposit Insurance Corporation ("F.D.I.C.") was appointed Receiver for Frontier Bank.  (Doc. # 16, Ex. 1).  On May 29, 2013, the F.D.I.C. was substituted as a defendant in the state court action.  On May 31, 2013, the defendants removed the case to this court pursuant to 12 U.S.C. § 1819(b)(2)(B)[3] and the court's federal question jurisdiction.  *See* 28 U.S.C. § 1331.

Now pending before the court is defendant F.D.I.C.'s motion to dismiss and motion to pay over interpleaded funds[4] (doc. # 16) filed on February 12, 2014.  In the motion to dismiss, premised on FED. R. CIV. P. 12(b)(1), the F.D.I.C. asserts that the court does not have subject matter jurisdiction over the plaintiff's claim because the plaintiff failed to exhaust his administrative remedies.  After being given an opportunity, the plaintiff has filed nothing in response to the motion to dismiss.  After careful review of the motion and the pleadings filed in this case, the court concludes that the motion to dismiss is due to be granted.

_____

interpleaded funds, leaving $10,500.00 in dispute.  (Doc. # 1-8 at 137).  On May 28, 2013, on the motion of the F.D.I.C., the Circuit Court ordered that the remaining funds interpleaded in this case be transferred to the Clerk of the Court for the United States District Court for the Middle District of Alabama.  (Doc. # 1-8 at 160).

[3]  12 U.S.C. § 1819(b)(2)(B) provides as follows.  "Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party."

[4]  At some point in time, plaintiff Ray filed bankruptcy and the collected rents were held in escrow pending conclusion of the bankruptcy case.  (Doc. # 16 at 7).  After the bankruptcy case was dismissed and Ray filed suit in state court, the collected rents were interpleaded into the Circuit Court of Lee County. When the case was removed to this court, the money was transferred to the Clerk of the Court for the United States District Court for the Middle District of Alabama.  (*Id.*)

**DISCUSSION**

Federal courts are courts of limited jurisdiction, and it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). That is, a federal court has only the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and is required to inquire into its jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

Relying on 12 U.S.C. § 1821(d)(13)(D), the F.D.I.C. asserts that this court lacks subject matter jurisdiction over the plaintiff's claims because he has failed to exhaust his administrative remedies. "Section 1821(d)(13)(D) provides that "no court shall have jurisdiction of [any such claim or action] 'except as otherwise provided in this subsection'." *Fed. Deposit Ins. Corp. v. Lacentra Trucking, Inc.*, 157 F.3d 1292, 1294 (11th Cir. 1998) (alterations in original). The Eleventh Circuit has construed this provision to require administrative exhaustion, and failure to exhaust an administrative claim deprives this court of subject matter jurisdiction. *Id. See also Damiano v. Fed. Deposit Ins. Corp.*, 104 F.3d 328, 333 (11th Cir. 1997) ("For post-receivership claims, the court has no subject matter

3

jurisdiction unless the claimant has exhausted his administrative remedies."); *Stamm v. Paul*, 121 F.3d 635 (11th Cir. 1997) ("[W]e join the Third Circuit in holding that claimants . . . aggrieved by the actions of the . . . receiver must exhaust their administrative remedies before they seek relief in court.")

On March 8, 2013, the F.D.I.C. was appointed receiver of Frontier Bank.  (Doc. # 16, Ex. 1).  Plaintiff Ray had previously assigned rents and leases from the mortgaged property to Frontier Bank.  (*Id*. at Ex. 2).  On April 30, 2013, the F.D.I.C. mailed a claim form and instructions to Ray to pursue his administrative claims against Frontier Bank.  It is undisputed that Ray did not complete or file a claim form.  Consequently, because Ray has failed to exhaust his administrative remedies, this court lacks subject matter jurisdiction.  His case is due to be dismissed.

Furthermore, it is undisputed that the interpleaded funds in this court are collected rents from the mortgaged property.  It is also undisputed that the plaintiff assigned all rents and leases to Frontier Bank.  Consequently, as receiver for Frontier Bank, the F.D.I.C. is entitled to the interpleaded funds.

## CONCLUSION

When the court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED R. CIV. P. 12(h)(3).  Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the motion to dismiss (doc. # 16) be GRANTED, this case be DISMISSED for lack of subject matter jurisdiction and that the

motion to pay over interpleaded funds (doc. # 16) be GRANTED.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 14, 2014.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*.  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of May, 2014.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE